UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MORESOURCE, INC., )
and KATHRYN CUNNINGHAM, )
 )
        Plaintiffs, )
 )
        v. ) No. 4:13 CV 235 DDN
 )
EXTRA HELP, INC., )
 )
        Defendant. )

**MEMORANDUM AND ORDER**

    This action is before the court on the motion of defendant Extra Help, Inc. to dismiss.  (Doc. 5.)  The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Doc. 12.)  The court heard oral argument on May 22, 2013.

**I.  BACKGROUND**

    On February 6, 2013, plaintiffs Moresource, Inc. and Kathryn Cunningham commenced this action against defendant Extra Help, Inc.  (Doc. 1.)  According to plaintiffs' complaint, the following occurred.  Since 1994, plaintiff Moresource, Inc., based in Columbia, Missouri, has conducted business in several states and maintains a website.  (Id. at ¶ 10.)  Moresource, Inc. offers administrative and consulting services for businesses, including payroll and employee benefit administration and insurance services.  (Id. at ¶ 11.)  Plaintiff Kathryn Cunningham is the president of the corporation.  (Id. at ¶ 3.)

    On January 25, 2000, the United States Patent and Trademark Office (PTO), issued to plaintiff Cunningham a Certificate of Registration, U.S. Registration No.

2,312,094, for the "MORESOURCE" mark for the service of leasing employees to manage certain human resource activities. (Id. at ¶ 13.) Plaintiff Cunningham granted Moresource, Inc. a license to use the mark, which was first used in commerce on or about January 10, 1995. (Id.) On July 12, 2006, the PTO issued to plaintiff Cunningham a Certificate of Registration, U.S. Registration No. 3,337,370, for the "WE MIND YOUR OWN BUSINESS. MORESOURCE" mark for the service of leasing employees to manage certain human resources activities and insurance services. (Id. at ¶ 15.) Plaintiff Cunningham granted Moresource, Inc. a license to use the mark, which was first used in commerce on or about June 21, 2007. (Id.)

Since the first use of the marks, Moresource, Inc. has continuously and extensively promoted its services in connection with the marks. (Id. at ¶ 17.) As a result of the quality of Moresource, Inc.'s services, the marks have achieved widespread and favorable public recognition. (Id. at ¶ 19.) The marks are valuable assets of plaintiffs as symbols that designate Moresource, Inc. as the origin of its services. (Id. at ¶ 20.)

In late 2012 or early 2013, defendant Extra Help, Inc. purchased eNet Payroll Services, LLC, a competitor of Moresource, Inc. also located in Columbia, Missouri. (Id. at ¶ 22.) Defendant adopted the "TeamSource" mark to describe its services, which were substantially similar to Moresource Inc.'s services. (Id. at ¶¶ 21,23.) Plaintiffs have not consented to defendant's use of the mark. (Id. at ¶ 26.)

The mark is similar to plaintiffs' marks, and defendant knew of Moresource Inc.'s services and marks prior to the adoption of the "TeamSource" mark. (Id. at ¶¶ 30, 32.) After learning of defendant's use of the "TeamSource" mark, Moresource, Inc. notified defendant of the infringement of trademark rights and demanded that it immediately cease and desist such use. (Id. at ¶ 28.) Defendant refused the demand and continued to infringe. (Id. at ¶ 29.) Further, defendant's website contains a schematic implementing the mark that closely resembles a schematic used by Moresource Inc. in its office and in local advertising as recently as late 2012. (Id. at ¶ 33; Docs. 1-1, 1-2.)

Defendant directs the promotion and sales of services to consumers of Moresource, Inc.'s services, which are conducted through the same channels of interstate

commerce used by Moresource, Inc. (Id. at ¶ 36.) Defendant's use of the "TeamSource" mark causes confusion regarding the source of defendant's services and its affiliation with Moresource, Inc. (Id. at ¶ 37.) Defendant's willful and deliberate conduct has caused plaintiff irreparable injury. (Id. at ¶¶ 40, 41.)

In Count I, plaintiffs allege trademark infringement and unfair competition under the Lanham Trademark Act of 1986, 15 U.S.C. § 1125(a). (Id. at ¶¶ 42-48.) In Count II, plaintiffs allege trademark infringement and unfair competition under common law. (Id. at ¶¶ 49-52.) In Count III, plaintiffs allege trademark dilution under Mo. Rev. Stat. § 417.061. (Id. at ¶¶ 53-58.) In Counts IV and V, plaintiffs allege trademark infringement and unfair competition under Missouri common law. (Id. at ¶¶ 59-67.)

Plaintiffs request injunctive relief, including the requirement that defendant file a compliance report as set forth in 15 U.S.C. § 1116, accounting of profits, and actual damages. (Id. at 13-15.) Additionally, plaintiffs request prejudgment interest, treble damages, attorney fees, and costs under 15 U.S.C. § 1117. (Id.) Plaintiffs further demand a trial by jury. (Id. at 15.)

## II.  MOTION TO DISMISS

Defendant moves for dismissal of Counts I, II, IV, and V, arguing that plaintiff failed state a claim by failing to allege facts that support a likelihood of confusion. Plaintiffs respond that the issue of likelihood of confusion is a question of fact that cannot be determined in a motion to dismiss. Plaintiffs further respond that defendant ignores plaintiffs' allegations, engages in speculation, and proposes an erroneous analysis. Defendant further moves for dismissal of Count III, arguing that plaintiff failed to state a claim by failing to allege facts that support dilution. (Docs. 6, 11, 15.)

## III.  MOTION TO DISMISS STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint. See Carton v. General Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir 2010); Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001). To survive a

12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "more than labels and conclusions." Id. at 555. Rather, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

### IV.  DISCUSSION

Defendant argues that plaintiffs failed to allege facts that support a likelihood of confusion.

"The Lanham Act prohibits the use of a mark in connection with goods or services in a manner that is likely to cause confusion as to the source or sponsorship of the goods or services." Roederer v. J. Garcia Carrion, S.A., 569 F.3d 855, 860 (8th Cir. 2009); 11 U.S.C. § 1125(a)(1). To evaluate the likelihood of confusion, courts consider:

> 1) the strength of the plaintiff's mark; 2) the similarity between the plaintiff's and defendant's marks; 3) the degree to which the allegedly infringing product competes with the plaintiff's goods; 4) the alleged infringer's intent to confuse the public; 5) the degree of care reasonably expected of potential customers, and 6) evidence of actual confusion.

Id.

In their complaint, plaintiffs allege ownership of the "MORESOURCE" and "WE MIND YOUR OWN BUSINESS. MORESOURCE" marks. (Doc. 1 at ¶¶ 13, 15.) They further allege that the similarity between these marks and defendant's "TeamSource" mark is likely to confuse customers into believing plaintiff MoreSource, Inc. to be the source of defendant's services and that such confusion causes plaintiffs irreparable harm and actual damages. (Id. at 32, 34-35, 37.) Accordingly, the court finds that plaintiffs alleged facts sufficient to support a likelihood of confusion. See Hullverson v. Hullverson, 2012 WL 6013209, *4 (E.D. Mo. 2012); Patterson v. ABS Consulting, Inc., 2009 WL 1296679, *3 (E.D. Mo. 2009).

Next, defendant contends that plaintiffs allege no actual confusion. However, in their complaint, plaintiffs allege that the "TeamSource" schematic confused the public concerning the source of services offered by defendant. (Doc. 1 at ¶ 34.) Moreover, "actual confusion is not essential to a finding of trademark infringement." Sensient Technologies Corp. v. SensoryEffects Flavor Co., 613 F.3d 754, 768 (8th Cir. 2010); SquirtCo. v. Seven-Up Co., 628 F.2d 1086, 1091 (8th Cir. 1980).

Defendant argues that, regarding plaintiffs' trademark dilution claim under Mo. Rev. Stat. § 417.061, plaintiffs failed to allege facts supporting the distinct nature of their marks. The relevant Missouri statute states:

> Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark registered under sections 417.005 to 417.066, or a mark valid at common law, or a trade name valid at common law, shall be a ground for injunctive relief notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

Mo. Rev. Stat. § 417.061(1).

In their complaint, plaintiffs allege that the "MORESOURCE" and "WE MIND YOUR OWN BUSINESS. MORESOURCE" marks are distinct. (Doc. 1 at ¶ 55.) They further allege that the marks designate Moresource, Inc. as a source of its services and have achieved widespread and favorable public acceptance. (Id. at ¶¶ 19-20.) Accordingly, the court finds that plaintiffs alleged facts sufficient to support the distinct nature of the marks.

Defendant further argues that the marks are insufficiently similar to support a likelihood of confusion or trademark dilution. Defendant also alleges that plaintiffs' customers are sophisticated and are unlikely to be confused.

Determining the issue of likelihood of confusion is a fact-intensive inquiry. Tecumseh Poultry LLC v. Perdue Holdings, Inc., 2012 WL 3018255, *4 (D. Neb. 2012) (citing Mid-State Aftermarket Body Parts, Inc. v. MQVP, Inc., 466 F.3d 630, 634 (8th Cir. 2006)). To support the argument regarding trademark dilution, defendant cites several cases in which the courts found that their likelihood of confusion analysis also foreclosed finding the similarity necessary to prevail on a dilution claim. See Sensient

Technologies Corp. v. SensoryEffects Flavor Co., 613 F.3d 754, 770 (8th Cir. 2010); Luigino's, Inc. v. Stouffer Corp., 170 F.3d 827, 833 (8th Cir. 1999); Astra Pharm. Products, Inc. v. Beckman Instruments, Inc., 718 F.2d 1201, 1210 (1st Cir. 1983). However, the courts decided these cases on summary judgment. Further, by adopting the fact-intensive likelihood of confusion factor in the similarity inquiry, the cases indicate that the similarity inquiry for dilution claims is also fact-intensive. In contrast to the summary judgment procedure, for Fed. R. Civ. P. 12(b)(6) motions, courts must "construe the complaint liberally in the light most favorable to the plaintiff," Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008), and, therefore, "few trademark cases are resolved on motions to dismiss." Tecumseh Poultry LLC, 2012 WL 3018255 at *4.

## V.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendant Extra Help, Inc. to dismiss (Doc. 5) is denied.
.

       /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 29, 2013.